UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 21-1428-KK-SPx** | Date: | April 19, 2024 |
| Title: | *Estate of Jotena Carter, et al. v. Cambridge Sierra Holdings, LLC, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (In Chambers) Order GRANTING Defendant's Motion for Summary Judgment [Dkt. 75]**

## I.
## INTRODUCTION

Plaintiffs Estate of Jotena Carter, Robbi Carter, Traci Scott, and Stephen Carter ("Plaintiffs") filed the operative Third Amended Complaint against defendant Cambridge Sierra Holdings, LLC ("Defendant") asserting various state claims arising from the death of Jotena Carter, who allegedly contracted COVID-19 while receiving care at a nursing home owned and operated by Defendant. ECF Docket No. ("Dkt.") 59.  On March 20, 2024, Defendant filed the instant Motion for Summary Judgment ("Motion").  Dkt. 75.

The Court finds this matter appropriate for resolution without oral argument.  See FED. R. CIV. P. 78(b); L.R. 7-15.  For the reasons set forth below, the Motion is **GRANTED**.[1]

///

///

///

---

[1] In addition, in light of this Order, the parties' Requests for Judicial Notice, dkts. 75-2, 86, 89-3, are **DENIED AS MOOT**.

## II.
## BACKGROUND

### A. PROCEDURAL HISTORY

#### 1. The Complaint

On February 9, 2021, Plaintiffs filed a Complaint against Defendant[2] in the San Bernardino County Superior Court arising out of the April 20, 2020 death of Jotena Carter, who allegedly contracted COVID-19 while receiving care at Reche Canyon Regional Rehabilitation Center ("Reche Canyon"), a nursing home owned and operated by Defendant. Dkt. 1 at 29-41.

On August 23, 2021, Defendant removed the action to this Court. Dkt. 1.

On September 7, 2021, Defendant filed a Motion to Dismiss the Complaint. Dkt. 7.

#### 2. The First Amended Complaint and the Court's February 15, 2022 Order Staying this Action

On September 28, 2021, Plaintiffs filed a First Amended Complaint ("FAC"), asserting claims for elder abuse, negligence, wrongful death, and violation of California's Unfair Competition Law ("UCL"), Section 17200 of the California Business and Professions Code. Dkt. 9.

On September 29, 2021, in light of the filing of the FAC, the Court denied Defendant's Motion to Dismiss the Complaint as moot. Dkt. 10.

On October 12, 2021, Defendant filed a Motion to Dismiss the FAC, arguing (1) Defendant is entitled to immunity under the Public Readiness and Emergency Preparedness Act ("PREP Act"), (2) the PREP Act preempts Plaintiffs' state claims, and (3) Plaintiffs failed to state a claim upon which relief could be granted. Dkt. 11.

On February 15, 2022, the Court issued an Order staying this action pending resolution of the Ninth Circuit appeal in Garcia v. Welltower OpCo Group LLC, No. 21-55224 ("Garcia"), which involved "the same or very similar issues raised in Defendant's Motion to Dismiss [the FAC]." Dkts. 19, 21.

On January 20, 2023, following the Ninth Circuit's resolution of Garcia, the Court issued an Order lifting the stay in this action. Dkt. 25. On March 9, 2023, the Court ordered supplemental briefing on Defendant's Motion to Dismiss the FAC. Dkt. 32.

---

[2] The Complaint additionally named Reche Canyon Rehabilitation & Health Care Center and Reche Canyon Convalescent Center, Inc. as defendants. See dkt. 1 at 29-30. However, neither party appears to have been served with the Complaint or any subsequent pleadings. Moreover, Defendant represents Reche Canyon Rehabilitation & Health Care Center is its fictitious business name, not a legal entity, and Reche Canyon Convalescent Center, Inc. "sold all interests" to Defendant in 2011. Dkt. 1 at 3-4.

On March 22, 2023, the Court issued a Scheduling Order setting an initial expert disclosure deadline of November 2, 2023, a non-expert discovery cut-off of November 9, 2023, a Final Pretrial Conference for March 8, 2024, and a trial date of March 26, 2024.  Dkt. 34.

On October 20, 2023, following receipt of the parties' supplemental briefing, the Court issued an Order granting in part and denying in part Defendant's Motion to Dismiss the FAC.  Dkt. 38.  The Court rejected Defendant's immunity and preemption arguments, finding Plaintiffs' allegations did not establish Defendant was entitled to immunity under the PREP Act and the PREP Act did not preempt Plaintiffs' claims.  Id. at 8-20.  Nevertheless, the Court dismissed, with leave to amend, Plaintiffs' claims for elder abuse, wrongful death, and violation of the UCL for failure to state a claim upon which relief can be granted.  Id. at 20-28.  The Court denied Defendant's request for dismissal of Plaintiffs' claim for negligence.  Id. at 25.

On an unspecified date in October 2023, Plaintiffs served their first set of requests for production on Defendant.  Dkt. 80-1, Declaration of Chijioke O. Ikonte ("Ikonte Decl."), ¶ 12.

### 3. The Second Amended Complaint

On November 10, 2023, Plaintiffs filed a Second Amended Complaint ("SAC"), asserting claims for elder abuse, negligence, and wrongful death.  Dkt. 39.

On November 27, 2023, Defendant served its responses to Plaintiffs' first set of requests for production.  Ikonte Decl. ¶ 12.

On December 1, 2023, Defendant filed a Motion to Dismiss the SAC, arguing the allegations in the SAC remained insufficient to state claims for elder abuse and wrongful death.[3]  Dkt. 42.

On January 26, 2024, the Court issued an Order continuing the non-expert discovery cut-off and initial expert disclosure deadline to February 23, 2024, the Final Pretrial Conference to June 6, 2024, and trial to June 24, 2024.  Dkt. 55.

On February 5, 2024, the Court issued an Order granting in part and denying in part Defendant's Motion to Dismiss the SAC.  Dkt. 56.  Specifically, the Court dismissed Plaintiffs' elder abuse claim with leave to amend and denied Defendant's request for dismissal of Plaintiffs' wrongful death claim.  Id. at 6-9.

///

///

---

[3] In addition, Defendant raised arguments in the Motion to Dismiss the SAC that it had previously raised in its Motion to Dismiss the FAC, and which the Court had considered and rejected in its October 20, 2023 Order.  See dkt. 56 at 5 & n.4.  Hence, in its February 5, 2024 Order regarding the Motion to Dismiss the SAC, the Court rejected these arguments as an improper motion for reconsideration.  See dkt. 56 at 5 & n. 5.

    **4.**        **The Third Amended Complaint and the Instant Motion**

On February 19, 2024, Plaintiffs filed the operative Third Amended Complaint asserting the following claims: (1) First Cause of Action for elder abuse; (2) Second Cause of Action for negligence; and (3) Third Cause of Action for wrongful death. Dkt. 59.

On March 11, 2024, Defendant filed an Answer. Dkt. 73.

On March 20, 2024, Defendant served its initial expert disclosure and expert reports on Plaintiff. Dkt. 89-5, Declaration of Lora A. Ajello in Support of Defendant's Reply ("Ajello Reply Decl."), ¶¶ 45-46, Ex. F.

On the same date, Defendant filed the instant Motion for Summary Judgment, arguing (1) Defendant is entitled to immunity under the PREP Act, 42 U.S.C. § 247d-6d; and (2) even if Defendant is not immune under the PREP Act, no genuine disputes of material fact exist as to any of Plaintiffs' claims. Dkt. 75. In support of the Motion, Defendant submitted declarations from Jerome Garcia De Jesus, who was employed by Defendant as the Interim Director of Nursing during the relevant period, see dkt. 75-4, and Michael Campbell, who – through his employment with a third-party administrative services provider that had contracted with Defendant – assisted with daily operations at Defendant's facility during the relevant period, see dkt. 75-6. In addition, Defendant submitted declarations from the following experts: F. Ramzi Asfour, M.D., see dkt. 75-3; KJ Page, RN, see dkt. 75-5; and Sonja Rosen, M.D., see dkt. 75-7. Defendant also filed a Request for Judicial Notice. Dkt. 75-2.

On April 4, 2024, Plaintiffs filed an Opposition to the Motion,[4] dkt. 84, and Request for Judicial Notice, dkt. 86. In support of their Opposition, Plaintiffs filed (1) a declaration from Plaintiffs' counsel, Chijioke O. Ikonte, dkt. 80-1; and (2) a declaration from plaintiff Robbi Carter, the daughter of decedent Jotena Carter, stating Robbi Carter "tried to contact Reche Canyon on [April 6, 2020] to ensure that [her] mother was safe" upon learning there had been an outbreak of COVID-19 at the facility, dkt. 84-7.

On April 11, 2024, Defendant filed a Reply in support of the Motion, dkt. 89, and supplemental Request for Judicial Notice, dkt. 89-3.

The matter thus stands submitted.

**B.**        **EVIDENTIARY OBJECTIONS**

Plaintiffs object to the declarations of De Jesus and Campbell on the ground that Defendant failed to identify either witness in its initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) ("Rule 26(a)(1)"). See dkt. 85 at 12, 14-15; Ikonte Decl. ¶ 9. Plaintiffs additionally request that the Court exclude the declarations of Defendant's three experts – Asfour, Page, and Rosen – on the ground that Defendant failed to timely disclose these experts' identities or provide their written

---

[4] Plaintiffs' previously filed Opposition and supporting documents, dkts. 80-82, are hereby **STRICKEN** as duplicative.

reports as required by Federal Rule of Civil Procedure 26(a)(2) ("Rule 26(a)(2)").  See dkt. 84 at 7, 16; dkt. 85 at 4-8; Ikonte Decl. ¶¶ 6, 8.

Pursuant to Rule 26(a)(1), a party must, "without awaiting a discovery request," produce initial disclosures identifying – among other things – any person "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses[.]"  Furthermore, pursuant to Rule 26(a)(2), a party must disclose the identity of any expert witness it may use at trial and, if the witness is "retained or specially employed to provide expert testimony[,]" a written report prepared and signed by the witness.  Parties must submit expert witness disclosures "at the times and in the sequence that the court orders."  FED. R. CIV. P. 26(a)(2)(D).  When a party fails to provide information or identify a witness as required by Rules 26(a)(1) and 26(a)(2), the party "is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless."  FED. R. CIV. P. 37(c)(1); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (holding Federal Rule of Civil Procedure 37(c)(1) "gives teeth to" Rule 26(a)'s disclosure requirements "by forbidding the use . . . of any information . . . that is not properly disclosed").

Here, with respect to De Jesus and Campbell, Defendant does not dispute that it failed to identify these witnesses in its Rule 26(a)(1) disclosures.  See dkt. 89-2 at 40, 47.  Moreover, Defendant makes no attempt to justify this failure to comply with its discovery obligations.  See dkt. 89; see also Ajello Reply Decl.  Hence, the Court concludes Defendant's failure to disclose the identities of these witnesses was not substantially justified.  The Court further concludes such failure was not harmless, because Plaintiffs were deprived of an opportunity to depose either witness.  See Medina v. Multaler, Inc., 547 F. Supp. 2d 1099, 1105 n.8 (C.D. Cal. 2007) (excluding declaration in support of opposition to motion for summary where plaintiff's "failure to disclose [declarant] as a likely witness before defendants' summary judgment motion was filed . . . depriv[ed defendants] of an opportunity to depose him"); see also Kempf v. Barrett Bus. Servs., Inc., 336 F. App'x 658, 661-62 (9th Cir. 2009) (unpublished)  (concluding "post-discovery" disclosure of witness was not harmless "where it deprived [plaintiff] of the opportunity to depose [such witness]").

In addition, with respect to Asfour, Page, and Rosen, Defendant does not dispute that it failed to disclose the identities of these expert witnesses or provide their written reports to Plaintiffs prior to the February 23, 2024 initial expert disclosure deadline.  See Ajello Reply Decl. ¶¶ 9, 19, 42-43, 45-46.  In fact, Defendant did not provide its initial expert disclosure to Plaintiffs until March 20, 2024, the date on which Defendant filed the instant Motion.  See id. 45-46, Ex. F.  Defendant's assertion that Federal Rule of Civil Procedure 26(a)(2) does not apply to an expert who prepares a declaration in support of a motion for summary judgment, see dkt. 89-2 at 2, 11-12, 20-21, is entirely without merit, see, e.g., Haas v. Travelex Ins. Servs. Inc., No. CV 20-06171-PSG-PLAx, 2023 WL 4281248, at *3 (C.D. Cal. June 27, 2023) (excluding expert declaration submitted in opposition to motion for summary judgment where proffering party failed to timely provide expert disclosure); Luke v. Fam. Care and Urgent Med. Clinics, 323 F. App'x 496, 498-99 (9th Cir. 2009) (unpublished) (affirming district court's exclusion of expert declarations submitted in opposition to motion for summary judgment where proffering party failed to timely provide expert disclosure).  Furthermore, Defendant's contention that the parties agreed to continue the expert designation deadline, see dkt.

89-2 at 2, 12, 21, fails to justify Defendant's failure to timely provide its expert disclosures.[5] Hence, the Court concludes Defendant's untimely disclosure was not substantially justified. The Court further concludes Defendant's failure to disclose its experts until the date it filed its motion for summary judgment was not harmless, because Plaintiffs were deprived of an opportunity to depose any of Defendant's experts or designate rebuttal experts. See Carson Harbor Vill., Ltd. v. Unocal Corp., No. CV 96-3281-MMM-RCX, 2003 WL 22038700, at *3 (C.D. Cal. Aug. 8, 2003) (excluding expert opinion that was not disclosed prior to filing of motions for summary judgment because other parties "ha[d] not had the opportunity to depose [such expert] regarding his opinions" or "to obtain declarations from rebuttal experts").

Thus, because Defendant's failure to timely disclose De Jesus and Campbell as likely witnesses and timely designate Asfour, Page, and Rosen as experts was neither substantially justified nor harmless, Federal Rule of Civil Procedure 37(c)(1) mandates exclusion of their declarations. Accordingly, Plaintiffs' evidentiary objections are **SUSTAINED** and the request for exclusion is **GRANTED**.

C.   MATERIAL FACTS

Unless otherwise indicated, the following facts are uncontroverted.[6] To the extent certain facts are not referenced in this Order, the Court has not relied on such facts in reaching its decision.

On March 13, 2020, decedent Jotena Carter was admitted at a Kaiser Permanente facility for "severe sepsis [with] acute organ dysfunction." Dkt. 76, Declaration of Lora A. Ajello in Support of Defendant's Motion ("Ajello Decl."), ¶ 4, Ex. C at 53-55.[7] On March 19, 2020, following treatment, Carter was discharged to Reche Canyon, a nursing home operated by Defendant. Id. at 454.

Carter remained at Reche Canyon until April 14, 2020, when her laboratory results showed "acute renal failure." Ajello Decl., ¶ 5, Ex. D at 1339. Carter was then transferred to the Emergency Department at Kaiser Permanente Fontana for evaluation. Id. at 1343. Carter's April 14, 2020 admission notes state her "primary" diagnosis was septic shock. Ajello Decl., ¶ 4, Ex. C at 494. In addition, Carter was diagnosed with COVID-19, which was indicated to have been

---

[5] Pursuant to Local Rule 7-1, "[w]ritten stipulations affecting the progress of the case shall be filed with the Court, . . . and will not be effective until approved by the judge[.]" L.R. 7-1. Likewise, pursuant to the Court's Standing Order, which the Court directed the parties to review in its November 22, 2023 Reassignment Order, see dkt. 41 at 1 & n.1, "[s]tipulations extending scheduling dates set by this Court **are not effective unless approved by the Court**[,]" Standing Order at 7 (emphasis added).

[6] While Plaintiffs purport to dispute Defendant's Statement of Undisputed Material Facts almost in its entirety, see dkt. 87, Plaintiffs do not appear to object to the medical records cited by Defendant, see dkt. 85, and have presented no evidence controverting the facts contained in the medical records, see L.R. 56-3 (stating material facts not controverted by declaration or other written evidence may be deemed admitted).

[7] The Court refers to page numbers of the parties' exhibits using the exhibits' Bates numbers.

"[p]resent on [a]dmission[.]"[8] Ajello Decl., ¶ 4, Ex. C at 494; see also id. at 645-46 (stating Carter was admitted to the Kaiser Permanente facility on April 14, 2020 "for septic shock, presumably secondary to confirmed COVID-19 pneumonia vs. HAP vs. urosepsis, as well as acute on chronic renal failure requiring emergent hemodialysis").

On April 20, 2020, while under care at Kaiser Permanente Fontana, Carter passed away. Id. at 503. The causes of death identified were hypoxemic respiratory failure, pneumonia, and COVID-19. Id.

## III.
## LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it "might affect the outcome of the suit[.]" Nat'l Ass'n of Optometrists & Opticians v. Harris, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

When the party moving for summary judgment does not have the ultimate burden of persuasion at trial, the moving party "must either produce evidence negating an essential element of the nonmoving party's claim . . . or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial[.]" Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the non-moving party to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)) (internal quotation marks omitted). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Furthermore, the nonmoving party "cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda." S. A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co., 690 F.2d 1235, 1238 (9th Cir. 1982).

In deciding a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus., 475 U.S. at 587. Summary judgment is, therefore, not proper "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts[.]" Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 (9th Cir. 1980). Furthermore, the court does not make credibility determinations with respect to the evidence offered. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

---

[8] Plaintiffs contend Carter "was diagnosed with COVID-19 on April 13, 2020[,] while a resident at Reche Canyon." Dkt. 87, Pls.' Statement of Genuine Disputes of Material Fact, ¶ 63. However, the evidence cited by Plaintiffs in support of this contention does not establish Carter tested positive for COVID-19 at any time prior to her admittance at Kaiser Permanente Fontana. See Ikonte Decl., ¶ 3, Ex. B at 34-44.

## IV.
## DISCUSSION

### A. PLAINTIFFS' REQUEST FOR A CONTINUANCE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d) IS DENIED

#### 1. Applicable Law

Pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"), if a party opposing a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," then "the court may . . . allow time to obtain affidavits or declarations or to take discovery[.]" FED. R. CIV. P. 56(d). "To prevail on a request for additional discovery under Rule 56(d), a party must show that (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc., 874 F.3d 604, 619-20 (9th Cir. 2017) (internal quotation marks and citation omitted). The party must also demonstrate it "diligently pursued [] previous discovery opportunities[.]" Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

"The failure to conduct discovery diligently is grounds for the denial of a [Rule 56(d)] motion." Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002). Moreover, a court need not defer its summary judgment ruling when the nonmoving party's asserted reason for needing additional time to complete discovery lacks merit or is simply dilatory. See Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1553-54 (10th Cir. 1993) (holding district court did not abuse its discretion in denying Rule 56(d) request where non-moving party's reasons for needing additional time for discovery were both lacking in merit and dilatory); see also Mounsey v. Allied-Signal, Inc., No. CV 95-4309-SVW-MCx, 2000 WL 34017116, at *5 (C.D. Cal Apr. 10, 2000) (denying Rule 56(d) request because plaintiffs "fail[ed] to satisfy their burden of showing that specific, discoverable evidence [would] raise a genuine issue of material fact").

#### 2. Analysis

Plaintiffs request a continuance pursuant to Rule 56(d) to allow for additional discovery. Dkt. 84 at 18; Ikonte Decl. ¶¶ 11-21. As an initial matter, such request – included in Plaintiffs' Opposition, rather than a noticed motion – is not properly before the Court. Nevertheless, the Court will address the merits of the request.

The Court finds Plaintiffs have not shown diligence in pursing discovery. On March 22, 2023, the Court issued a Scheduling Order setting the non-expert discovery cut-off in this matter for November 9, 2023. Dkt. 34. Nevertheless, Plaintiffs did not serve their first set of requests for production of documents until October 2023, i.e., seven months after issuance of the Court's Scheduling Order and less than one month prior to the discovery cut-off. Ikonte Decl. ¶ 12. Similarly, following issuance of the Court's January 26, 2024 Order continuing the non-expert discovery cut-off to February 23, 2024, dkt. 55, Plaintiffs noticed a deposition of Defendant's person(s) most knowledgeable for February 19, 2024 – just four days before the discovery cut-off, Ikonte Decl. ¶ 16. Plaintiffs do not appear to have noticed any other depositions or served any other discovery requests in the eleven months that passed between issuance of the Court's March

22, 2023 Scheduling Order and the February 23, 2024 discovery cut-off. Moreover, Plaintiffs' contention that the District Judge who previously presided over this matter "did not have the same requirement . . . on conducting of discovery prior to the case being at issue[,]" id. ¶ 20, is simply not true. To the contrary, the Court's September 8, 2021 Order Setting Scheduling Conference states, "[t]he Court encourages counsel to agree to begin to conduct discovery actively before the Scheduling Conference. . . . [A]t the Scheduling Conference the Court will impose strict deadlines to complete discovery." Dkt. 8 at 2 (emphasis in original).

Hence, because Plaintiffs failed to conduct discovery diligently in this matter, the Court finds Plaintiffs' request for a continuance pursuant to Rule 56(d) to be meritless and dilatory. Accordingly, Plaintiffs' request is **DENIED**.

**B.  DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' FIRST CAUSE OF ACTION FOR ELDER ABUSE**

   **1.  Applicable Law**

California's Elder Abuse Act permits recovery of "certain enhanced remedies," including attorney's fees, when a plaintiff "proves abuse of an elder, i.e., a 'person residing in this state, 65 years of age or older.'" Carter v. Prime Healthcare Paradise Valley LLC, 198 Cal. App. 4th 396, 404 (Cal. Ct. App. 2011) (quoting Cal. Welf. & Inst. Code § 15610.27); see also Cal. Welf. & Inst. Code § 15657. In order to recover enhanced remedies under the Elder Abuse Act, a plaintiff must prove (1) the defendant engaged in "physical abuse[,]" "neglect[,]" or "abandonment" of an elder; and (2) the abuse was committed with "recklessness, oppression, fraud, or malice[.]" Cal. Welf. & Inst. Code § 15657.

Recklessness involves "a conscious choice of a course of action . . . with knowledge of the serious danger to others involved in it." Delaney v. Baker, 971 P.2d 986, 991 (Cal. 1999). Thus, mere "inadvertence, incompetence, unskillfulness, or a failure to take precautions" is insufficient to establish recklessness. Id. In addition, oppression, fraud, and malice involve "intentional, willful, or conscious wrongdoing of a despicable or injurious nature." Id. (internal quotation marks omitted). A plaintiff asserting an Elder Abuse Act claim against a healthcare provider must, therefore, "prove more than simple or even gross negligence in the provider's care or custody of the elder." Carter, 198 Cal. App. 4th at 405; see also Covenant Care, 86 P.3d at 300 (holding recovery under the Elder Abuse Act requires a plaintiff to show "conduct essentially equivalent to conduct that would support recovery of punitive damages").

Furthermore, an employer is not liable under the Elder Abuse Act for the acts of an employee "unless the employer [(1)] had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others[,] or [(2)] authorized or ratified the wrongful conduct for which the damages are awarded[,] or [(3)] was personally guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(b); see also Cal. Welf. & Inst. Code § 15657(c) (stating Section 3294(b) of the California Civil Code governs an employer's liability under the Elder Abuse Act).

///

///

### 2. Analysis

Here, no genuine dispute of material fact exists with respect to Plaintiffs' claim for elder abuse, because Plaintiffs have not presented any evidence from which a reasonable jury could conclude Defendant acted with recklessness, oppression, fraud, or malice.

As an initial matter, Plaintiffs do not address their elder abuse claim in their Opposition to the instant Motion. See dkt. 84. The Ninth Circuit has held that failure to address a claim in opposition to a motion for summary judgment constitutes abandonment of the claim. See Jenkins v. Cnty. of Riverside, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (concluding plaintiff "abandoned" claims not raised in opposition to motion for summary judgment); accord. Ramirez v. City of Buena Park, 560 F.3d 1012, 1026 (9th Cir. 2009) ("A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the issue from the case.").

Moreover, even assuming Plaintiffs' failure to address their elder abuse claim in their Opposition did not constitute abandonment of such claim, Plaintiffs have produced no evidence from which a reasonable jury could conclude Defendant acted with recklessness, oppression, fraud, or malice. Specifically, the record contains no evidence that Defendant – or any of its employees – were aware, during the relevant period, that Defendant's particular COVID-19 mitigation practices and procedures posed a serious risk of death to decedent Carter and consciously disregarded that risk. Likewise, the record contains no evidence that Defendant knowingly retained an unfit employee with a conscious disregard for the rights or safety of its patients or otherwise authorized or ratified any wrongful conduct by any of its employees. While Plaintiffs produce various documents in support of their Opposition, including a copy of Reche Canyon's Infection Prevention and Control Program, revised October 2018, dkt. 84-4, and a copy of Reche Canyon's COVID-19 Mitigation Plan Manual, revised July 13, 2021, dkt. 84-5, Plaintiffs offer no argument as to how these documents support their elder abuse claim. In fact, the Infection Prevention and Control Program and COVID-19 Mitigation Plan Manual suggest Defendant had mitigation procedures in place and, thus, weigh against a finding of recklessness. Hence, Plaintiffs' evidence is insufficient to establish the existence of a genuine dispute of material fact regarding whether Defendant acted with recklessness, oppression, fraud, or malice with respect to decedent Carter's treatment.

Defendant is, therefore, entitled to summary judgment on Plaintiffs' claim for elder abuse. Accordingly, the Motion is **GRANTED** as to Plaintiffs' First Cause of Action.

### C. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' SECOND CAUSE OF ACTION FOR NEGLIGENCE

### 1. Applicable Law

Under California law, a plaintiff seeking to recover for negligence must establish "(1) that defendant owed plaintiff a duty of care, (2) that defendant breached that duty, (3) that the breach was the legal and proximate cause of plaintiff's injury, and (4) that plaintiff suffered damages." Wilson v. J.P. Allen Co., 57 F. Supp. 3d 1249, 1253 (C.D. Cal. 2014) (citing Paz v. California, 994 P.2d 975, 980 (Cal. 2000)). As a general rule, a person has a duty of care "not to create an unreasonable risk of injury to . . . the class of persons who it is reasonably foreseeable may be injured as the result of the actor's conduct." Lugtu v. Cal. Highway Patrol, 28 P.3d 249, 256 (Cal.

2001) (citation omitted).  In addition, a person "undertaking to render expert services in the practice of a profession or trade" has a duty of care "to have and apply the skill, knowledge and competence ordinarily possessed by their fellow practitioners under similar circumstances[.]" Evans v. Hood Corp., 5 Cal. App. 5th 1022, 1050 (Cal. Ct. App. 2016).

A plaintiff may demonstrate negligence under the doctrine of res ipsa loquitur, which applies when (1) the accident or injury at issue is "of a kind which ordinarily does not occur in the absence of" negligence; (2) the accident or injury is "caused by an agency or instrumentality within the exclusive control of the defendant"; and (3) the accident or injury was not "due to any voluntary action or contribution on the part of the plaintiff." Vebr v. Culp, 241 Cal. App. 4th 1044, 1058 (Cal. Ct. App. 2015) (quoting Brown v. Poway Unified School Dist., 843 P.2d 624, 627 (Cal. 1993)).

  **2. Analysis**

Here, no genuine dispute of material fact exists with respect to Plaintiffs' claim for negligence, because Plaintiffs have not presented any evidence from which a reasonable jury could conclude Defendant breached its duty of care or such breach proximately caused decedent Carter's death.  Specifically, Plaintiffs have produced no evidence showing Defendant's COVID-19 mitigation practices and procedures during the relevant period failed to conform to the applicable standard of care.  In addition, Plaintiffs have produced no evidence showing Defendant's purportedly deficient COVID-19 mitigation practices and procedures proximately caused decedent Carter's COVID-19 infection and subsequent death.  Hence, no genuine issue of material fact exists with respect to Plaintiffs' negligence claim.

While Plaintiffs argue they "have no obligation[] to produce any evidence" in their Opposition to the extent the Court excludes the declarations filed by Defendant, dkt. 84 at 16, this argument is without merit.  Defendant may satisfy its burden of production on the instant Motion by "show[ing] that [Plaintiffs] do[] not have enough evidence of an essential element to carry [their] ultimate burden of persuasion at trial[.]"  See Nissan Fire & Marine Ins., 210 F.3d at 1102.  The burden then shifts to Plaintiffs to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial."  See Celotex, 477 U.S. at 324.  Here, Plaintiffs have failed to meet this burden.

Plaintiffs further argue the doctrine of res ipsa loquitur applies because (1) COVID-19 infection only occurs "when someone is negligently exposed to this virus[,]" and (2) decedent Carter "was under the control of Reche Canyon" at the time she contracted COVID-19.  See dkt. 84 at 17.  However, Plaintiffs have produced no evidence from which a reasonable jury could conclude COVID-19 infection "ordinarily does not occur in the absence of" negligence.  See Vebr, 241 Cal. App. at 1058.  Plaintiffs' bare assertion in their Opposition that "COVID-19 infection does not just occur[,]" dkt. 84 at 17, is insufficient to give rise to a triable question of fact.  See S. A. Empresa, 690 F.2d at 1238 (holding a nonmoving party "cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda").  Hence, no genuine issue of material fact exists as to the applicability of the doctrine of res ipsa loquitur.

Defendant is, therefore, entitled to summary judgment on Plaintiffs' negligence claim.  Accordingly, the Motion is **GRANTED** as to Plaintiffs' Second Cause of Action.

**D.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' THIRD CAUSE OF ACTION FOR WRONGFUL DEATH**

**1.    Applicable Law**

Section 377.60 of the California Code of Civil Procedure Code ("Section 377.60") "relates to wrongful death actions that are based on personal injuries resulting from the death of another[.]" Hayes v. County of San Diego, 736 F.3d 1223, 1230 (9th Cir. 2013).  Hence, Section 377.60 establishes an "original and distinct cause of action granted to the heirs and personal representatives of the decedent to recover damages sustained by them by reason of the wrongful death of the decedent." Schwarder v. United States, 974 F.2d 1118, 1123 n.3 (9th Cir. 1992) (quoting Van Sickel v. United States, 285 F.2d 87, 90 (9th Cir. 1960)); see also Davis v. Bender Shipbuilder & Repair Co., 27 F.3d 426, 429 (9th Cir. 1994) (finding "[i]n a wrongful death action . . . the decedent's dependents may only pursue claims for personal injuries they have suffered as a result of a wrongful death").

The elements of a wrongful death claim are "(1) a wrongful act or neglect on the part of one or more persons that (2) causes (3) the death of another person." Norgart v. Upjohn Co., 981 P.2d 79, 83 (Cal. 1999) (internal quotation marks and brackets omitted); see also Cal. Code Civ. Proc. § 377.60.  Thus, a claim for wrongful death may be predicated upon negligence. Musgrove v. Silver, 82 Cal. App. 5th 694, 705 (Cal. Ct. App. 2022).

**2.    Analysis**

Here, Plaintiffs' wrongful death claim is predicated upon Plaintiffs' theory that Defendant was negligent in providing care to decedent Carter, resulting in her COVID-19 infection and subsequent death.  See dkt. 84 at 16-17.  As discussed above in Section IV.C.2, no genuine issue of material fact exists as to whether Defendant can be held liable in negligence for Carter's death. Accordingly, for the same reasons that Defendant is entitled to summary judgment on Plaintiffs' Second Cause of Action for negligence, Defendant is entitled to summary judgment on Plaintiffs' Third Cause of Action for wrongful death.  Accordingly, the Motion is **GRANTED** as to Plaintiffs' Third Cause of Action.[9]

**V.
CONCLUSION**

For the reasons set forth above, the Motion is **GRANTED**.

**IT IS SO ORDERED.**

---

[9] Because the Court concludes no genuine issues of material fact exist as to any of Plaintiffs' claims, the Court declines to address Defendant's alternative argument that it is immune from liability under the PREP Act.  See dkt. 75 at 8-15.